IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL PATRICK BOYER,

                        Plaintiff,                        OPINION AND ORDER

`        v.

                                                  21-cv-281-wmc

STATE OF WISCONSIN DEPARTMENT
OF CORRECTIONS, and STATE OF
WISCONSIN,

                        Defendants.

*Pro se* plaintiff Michael Patrick Boyer has filed this lawsuit under 42 U.S.C. § 1983 alleging that he was denied a service dog while incarcerated in violation of the Americans with Disabilities Act ("ADA"). Boyer's complaint is ready for screening under 28 U.S.C. § 1915(e)(2), and because Boyer is a *pro se* litigant, the court must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For the following reasons, the court must dismiss Boyer's complaint, but will allow him a brief window of time to correct the deficiencies identified below.

ALLEGATIONS OF FACT

Boyer alleges that between 2018 and 2021, he was not allowed to keep a service dog while incarcerated in various state prisons operated by the Wisconsin Department of Corrections ("DOC") including Dodge Correctional Institution, Redgranite Correctional Institution, and the Wisconsin Resource Center. Nor, alleges Boyer, would staff at any of these institutions "do anything for people who have service dogs." (Pl. Compl. (dkt. #1) at 2.) Meanwhile, at some other DOC facilities, inmates were allegedly allowed to train dogs to become service dogs as part of a rehabilitative dog training program. Boyer requests monetary

damages and that people with service dogs be allowed to have them in prison.

OPINION

Plaintiff seeks leave to proceed on an ADA claim against the DOC as well as the State of Wisconsin, alleging that he was denied a service dog as a reasonable accommodation while incarcerated.[1] The court will also construe this claim as one arising under the Rehabilitation Act, since there is an open question in this circuit as to whether ADA violations not implicating constitutional rights may be brought in federal court. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (substituting a prisoner's claims under the ADA for Rehab Act claims).

Plaintiff's complaint requires dismissal because it does not satisfy the requirements of Federal Rule of Civil Procedure 8. Under that rule, a complaint must include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they each did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

To establish a violation of Title II of the ADA, a plaintiff "must prove [1] that he is a 'qualified individual with a disability,' [2] that he was denied 'the benefits of the services,

---

[1] With respect to the named defendants, the court notes that "[t]he only proper defendant in a claim under the ADA and/or Rehabilitation Act is the state agency (or a state official acting in his or her official capacity); employees of the DOC are not amendable to suit under either Act." *Hogle v. Baldwin*, Case No. 1:17-cv-01059-jbm-jeh, 2017 WL 4125258, at *4 (C.D. Ill. Sept. 18, 2017) (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012)). Here, the relevant state agency would be the DOC, which plaintiff names. *See Strominger v. Brock*, Case No. 2:10-cv-00158-ljm-dkl, 2014 WL 268444, at *6 (S.D. Ind. Jan. 23, 2014) (Indiana Department of Corrections was proper defendant in prisoner Rehabilitation Act claim). However, plaintiff's other named defendant, the State of Wisconsin, is subject to dismissal.

programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and [3] that the denial or discrimination was 'by reason of' his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (quoting *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)). The Rehabilitation Act is substantially identical, and a claim under § 504 of the Act has four elements: (1) an individual with a disability; (2) who was otherwise qualified to participate; (3) but who was denied access solely by reason of disability; (4) in a program or activity receiving federal financial assistance (which all state departments of corrections do). *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012).

Plaintiff's allegations are too barebones to support a plausible claim for relief. Although plaintiff does not expressly allege how he is disabled, the court will infer for purposes of screening that he is from his contention that he was unlawfully denied a service dog as a reasonable accommodation. Indeed, a service dog "is individually trained to do work or perform tasks for the benefit of an individual with a disability." 28 CFR § 35.104. Moreover, plaintiff alleges that inmates at some DOC facilities can train dogs to serve as service dogs, suggesting that those facilities are equipped to safely house the animals. Even so, the complaint contains no allegations regarding how plaintiff was excluded from any service, program or activity offered to other prisoners because of his disability. Without such allegations, plaintiff's claim is subject to dismissal.

In order to proceed, plaintiff will need to flesh out his claim in an amended complaint, which the court will give plaintiff a brief period of time to prepare. If plaintiff chooses to file an amended complaint, he should draft it as though he were telling a story to someone who knows nothing about his situation. In other words, plaintiff should provide as much detail as

possible about his need for a service dog, his efforts to obtain permission to have a service dog while incarcerated and what service, program or activity he was excluded from as a result of his disabilty. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, plaintiff should try again.

Plaintiff must submit a proposed amended complaint by the deadline set forth below. If he does so, the court will screen it under § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1) Plaintiff Michael Patrick Boyer is DENIED leave to proceed, and his complaint is DISMISSED without prejudice for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff has until **March 11, 2022**, to file a proposed amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. Plaintiff's failure to file a proposed amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 18th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge